**Donald J. WIENER, Plaintiff,**

v.

**Edwin L. MILLER, Jr., District Attorney for the County of San Diego, State of California, et al., Defendants.**

**No. 72–240–GT.**

United States District Court,
S. D. California.

Oct. 24, 1972.

Norman R. Atkins, Beverly Hills, Cal., for plaintiff.

Marc Christiansen, Deputy Atty. Gen. of Cal., San Diego, Cal., William J. Howatt, Jr., Deputy Dist. Atty., San Diego County, San Diego, Cal., Vincent Di Figlia, Deputy City Atty., San Diego, Cal., for defendants.

Before CARTER, Senior Circuit Judge, EAST, Senior District Judge, and THOMPSON, District Judge.*

## MEMORANDUM

### PER CURIAM.

The plaintiff for some time past has operated a business, with some five outlets, within San Diego County for the sale to and view by the public of so-called "for adult only" magazines, pictures and motion picture film with projectors.

City and County of San Diego police officers conducted an investigation of the items offered to public purchase and view and the plaintiff was indicted by the Grand Jury of San Diego County for the alleged crime of sale and distribution of obscene materials under California law. Search warrants were obtained pursuant to California Penal Code Sections 1523–1542 and on June 19th, last, a mass raid was made upon the several outlets with the resulting seizure of substantially all of plaintiff's stock in trade.

On June 29th, plaintiff instituted these proceedings, claiming, briefly, that the search warrants and the mass seizure thereunder were over-broad, that the warrants were issued by magistrates ex parte upon mere alleged probable cause and without a prior judicial adversary hearing to determine whether the magazines and film were legally obscene, and that the mass seizure and prosecution were and are being carried on to harass the plaintiff and in utter bad faith.

Plaintiff's complaint seeks declaratory judgment and injunctive relief from the use of the seized material in connection with the prosecution of the indictment in the courts of the State of California.

We note this Court's jurisdiction under Title 28, U.S.C. Sections 1331, 1343, 2201, 2202, 2281 and 2284; and Title 42 U.S.C. § 1983.

We conclude from the record that while the raid and seizure was mass in scope, neither the criminal proceedings nor the seizure as a part thereof is an harassment prosecution nor conducted in bad faith on the part of any of the defendants and, further, there is no showing of irreparable injury to plaintiff, as the outlets had ready stock in trade and were immediately reopened to the public for business. Therefore, we are bound to abstain in this cause pending final determinations of the same issues raised in plaintiff's complaint herein now presentable to the Superior Court of the State of California, in and for the County of San Diego, Department 8, in a cause now pending therein, entitled "The

---

* Honorable James M. Carter, Senior United States Circuit Judge for the Ninth Circuit, William G. East, Senior United States District Judge for the District of Oregon, and Gordon Thompson, Jr., United States District Judge for the Southern District of California, and constituting a statutory three-judge district court by designation of Chief Judge Richard H. Chambers for the Ninth Circuit, dated July 17, 1972.

People of the State of California, Plaintiff, vs. Donald Joseph Wiener, et al, Defendants, No. CR 26684." Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledsma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). See for abstention generally, Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

We acknowledge that the California Penal Code sections mentioned and the mass seizure thereunder may well be ultimately held to be constitutionally wanting in the absence of provisions for pre-seizure adversary hearing on the alleged obscene character of material sought to be seized. See Cinema Classics, Ltd., Inc. v. Busch, 339 F.Supp. 43 (Cen. Dist.Cal., 1972) and A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809. However, a grave and serious question remains as to whether the post-seizure relief provisions of California statutory law do not afford reasonable and constitutional alternatives. From the record before us and our review of the California statutory procedures open to the plaintiff, we are satisfied that it would be improvident for this Court to interfere with the orderly process now going on in the State court, from which the plaintiff has heretofore had substantial relief. See United States v. 37 Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1972); Monica Theatre v. Municipal Court, 9 Cal.App.3d 1, 88 Cal.Rptr. 71, contra, People v. De Renzy, 275 Cal.App.2d 380, 79 Cal.Rptr. 777.

Accordingly, it is hereby Adjudged and Ordered that this cause and proceedings be stayed and that the Court abstain from further consideration of the issues herein until final determination of the raisable issues in the mentioned State of California criminal proceedings, and further order herein.

Further, this Court retains its jurisdiction of the cause and the parties, with leave to any party to apply for further relief upon notice as required by the local rules of Court.